Stephen AMELKIN, D.C., et al., Plaintiffs,

v.

COMMISSIONER, DEPARTMENT OF STATE POLICE, et al., Defendants.

Stephen AMELKIN, D.C., et al., Plaintiffs,

v.

JEFFERSON COUNTY, KENTUCKY, et al., Defendants.

JUSTICE CABINET, Department of State Police, et al., Plaintiffs,

v.

David KAPLAN, Defendant.

Nos. 3:94CV–360–A, 3:95CV–22–A.

United States District Court, W.D. Kentucky.

June 3, 1996.

428

Donald L. Cox, Lynch, Cox, Gilman & Mahan, Louisville, KY; and David A. Friedman, Taustine, Post, Sotsky, Berman, Fineman & Kohn, Louisville, KY, for plaintiffs.

Barbara Jones, Office of General Council, Corrections Cabinet, Frankfort, KY; Lucy B. Richardson, KY, Justice Cabinet, Frankfort, KY; William B. Pettus, Office of the Atty. General, Frankfort, KY; John L. Arnett, Elizabethtown, KY; N. Scott Lilly, First Assistant County Attorney, Louisville, KY, for defendants.

### MEMORANDUM OPINION AND ORDER

ALLEN, Senior District Judge.

Defendants filed a motion to dismiss the pleadings filed by the plaintiffs. The motion was based on the principle that if there is a constitutional challenge to a statute, and there is a way in which the case may be decided without resorting to the decision of the constitutional issue, then the constitutional issue should be avoided. While this is an accurate recitation of the theory, it is not applicable in the case at bar. The issue presented by the plaintiffs is the constitutionality of a policy of restricting access to accident reports on the basis of the purpose for which they are sought. Whether the distinction between those in the position of plaintiffs and those in the position of news gatherers or insurance statisticians is based on Chapter 189 or Chapter 61 or another chapter altogether, the constitutional question remains and we are not free to avoid its decision.

Therefore, the motion to dismiss will be overruled.

IT IS SO ORDERED.